UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    No. 1:06-CR-57
                                       Hon. Janet T. Neff

vs.

                                       No. 1:05-CR-108
LINDA LEE BYRNES,              Hon. Gordon J. Quist

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S REQUESTS FOR SENTENCE MODIFICATION
PURSUANT TO USSG AMENDMENT 599**

Now comes the United States of America, through its attorneys, Donald A. Davis, United States Attorney for the Western District of Michigan, and B. René Shekmer, Assistant United States Attorney, and, in response to Defendant Linda Lee Byrnes' two pro se motions for sentence modification pursuant to USSG Amendment 599, states as follows:

A.      Docket # 1:96-CR-57 Procedural History

Defendant Linda Lee Byrnes was one of four co-defendants charged in a ten count Superseding Indictment returned by a Federal Grand Jury in the Western District of Michigan on May 15, 1996; Defendant Byrnes was named in Counts 1 through 7:

Count 1:    Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 371, 18 U.S.C. § 1503, 18 U.S.C. § 1512(b)(1), and 18 U.S.C. § 1622.

Count 2:    Obstruction of Justice in violation of 18 U.S.C. § 1503.

Count 3:    Subornation of Perjury in violation of 18 U.S.C. § 1622, 18 U.S.C. § 1623(a), and 18 U.S.C. § 2.

Count 4:  Subornation of Perjury in violation of 18 U.S.C. § 1622, 18 U.S.C. § 1623(a), and 18 U.S.C. § 2.

Count 5:  Subornation of Perjury in violation of 18 U.S.C. § 1622, 18 U.S.C. § 1623(a), and 18 U.S.C. § 2.

Count 6:  Subornation of Perjury in violation of 18 U.S.C. § 1622, 18 U.S.C. § 1623(a), and 18 U.S.C. § 2.

Count 7:  Use of Intimidation to Influence Testimony in violation of 18 U.S.C. § 1512(b)(2) and 18 U.S.C. § 2.

(R.35, Superceding Indictment.)  All counts related to the conspiracy to obstruct justice, obstruction of justice, subornation of perjury, and use of intimidation to influence testimony at the trial Defendant Linda Lee Byrnes' son, John Byrnes, on the charge of felon in possession of firearms, held before the Honorable David W. McKeague in March of 1995.

Defendant Linda Lee Byrnes was tried by a jury before the Honorable David W. McKeague in the Western District of Michigan.  Trial began on June 25, 1996, and concluded on June 28, 1996.  The jury returned verdicts of guilty relative to Defendant Byrnes as to Count One, Conspiracy to Obstruct Justice, Count Two, Obstruction of Justice, Count Four, Subornation of Perjury, and Count Six, Subornation of Perjury.  (R.66, Verdict.)

On September 23, 1996, Defendant Linda Lee Byrnes was sentenced as follows: Count One, conspiracy to obstruct justice, 60 months in prison, three years of supervised release, no fine, and a statutory special assessment of $50; Count Two, obstruction of justice, 71 months in prison, three years of supervised release, a fine of $1,000, and a statutory special assessment of $50; Count Four, subornation of perjury, 60 months in prison, three years of supervised release, no fine, and a statutory special

assessment of $50; and Count Six, subornation of perjury, 60 months in prison, three years of supervised release, no fine, and a statutory special assessment of $50. (R.84, Judgment in a Criminal Case.) The District Court ordered that the Defendant's sentences of imprisonment and supervised release on all four counts were to run concurrently. (R.84, Judgment in a Criminal Case.)

Defendant Linda Lee Byrnes appealed her conviction and sentence to the Sixth Circuit Court of Appeals, Docket # 96-2331. The Defendant's conviction and sentence were affirmed on November 20, 1998; and certiorari was denied by the Supreme Court on March 22, 1999. United States v. Miller, 161 F.3d 977 (6th Cir. 1998), cert. denied, Byrnes v. United States, 526 U.S. 1029 (1999).

B.  Docket # 1:95-CR-108 Procedural History

Defendant Linda Lee Byrnes was one of fourteen co-defendants charged in a three count Second Superseding Indictment returned by a Federal Grand Jury in the Western District of Michigan on February 14, 1996. (R.37, Second Superseding Indictment.) Defendant Byrnes was named in all three counts: Count One charged conspiracy to possess with intent to distribute and to distribute marijuana, between 1992 and June of 1995, in violation of 21 U.S.C. §§ 841 and 846; Count Two set forth forfeiture allegations; and Count Three charged felon in possession of a firearm, in November of 1994, in violation of 18 U.S.C. § 922(g). (R.37, Second Superseding Indictment.)

On May 8, 1996, the Government filed an Information and Notice of Prior Felony Drug Conviction as to Defendant Linda Lee Byrnes; thereby enhancing the statutory

penalties the Defendant faced upon conviction on Count One. (R.165, Information and Notice of Prior Drug Felony.)

Defendant Linda Lee Byrnes was tried on all three counts of the Second Superseding Indictment by a jury before the Honorable Gordon J. Quist in the Western District of Michigan. Trial began on May 23, 1996, and concluded on June 7, 1996. The jury returned verdicts of guilty as to Count One, the marijuana conspiracy charge, and Count Three, the felon in possession of a firearm charge. (R.190, Verdict as to Linda Lee Byrnes.) Count Two was resolved by stipulation of the parties to the forfeiture. (R.195, Initial Order of Forfeiture.)

On February 28, 1997, Defendant Linda Lee Byrnes was sentenced as follows: Count One, marijuana conspiracy, 262 months in prison, eight years of supervised release, a fine of $5,420, and a statutory special assessment of $50; Count Three, felon in possession of a firearm, 60 months in prison, three years of supervised release, no fine, and a statutory special assessment of $50. (R.315, Judgment in a Criminal Case.) The District Court ordered that the Defendant's sentences on Counts One and Three were to run concurrently with each other; however, the sentences on Counts One and Three were to run consecutively to the federal sentences imposed by the Honorable David W. McKeague in Western District of Michigan Docket No. 1:96:CR:57. (R.315, Judgment in a Criminal Case.)

Defendant Linda Lee Byrnes appealed her conviction and sentence to the Sixth Circuit Court of Appeal, Docket # 97-1264. The Defendant's conviction and sentence were affirmed on October 9, 1998; and certiorari was denied by the Supreme Court on

February 22, 1999. United States v. Linda Lee Byrnes, 166 F.3d 1215 (6th Cir. 1998) (Unpublished), cert. denied, 525 U.S. 1164 (1999).

On June 19, 2001, Defendant Linda Lee Byrnes filed her first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Western District of Michigan Docket # 1:01:CV:382. (Docket # 1:01:CV:382-R.1, Defendant's 28 U.S.C. § 2255 Motion.) The Defendant's untimely 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence was dismissed with prejudice by the District Court on July 30, 2001; and the District Court denied a certificate of appealability as to every issue raised. (Docket # 1:01:CV:382-R.2, Opinion Denying Defendant's 28 U.S.C. § 2255 Motion; Docket # 1:01:CV:382-R.3, Order Denying Defendant's 28 U.S.C. § 2255 Motion.) The Defendant filed a Notice of Appeal on September 17, 2001. (Docket # 1:01:CV:382-R.4, Notice of Appeal.) On February 4, 2002, the Sixth Circuit Court of Appeals issued an Order Denying a certificate of appealability. (See Docket Sheet, Sixth Circuit Court of Appeals Docket # 01-2319). On February 11, 2002, the Defendant filed a Petition for Rehearing. (See Docket Sheet, Sixth Circuit Court of Appeals Docket # 01-2319.) On May 3, 2002, the Sixth Circuit Court of Appeals issued an Order denying the Defendant's Petition for Rehearing. (See Docket Sheet, Sixth Circuit Court of Appeals Docket # 01-2319.) A mandate was issued on May 15, 2002. (See Docket Sheet, Sixth Circuit Court of Appeals Docket # 01-2319.) On May 15, 2002, the Defendant tendered an untimely en banc Petition. (See Docket Sheet, Sixth Circuit Court of Appeals Docket # 01-2319.) On May 17, 2002, the Sixth Circuit Court of Appeals issued an Order not accepting the Defendant's untimely en banc Petition. (See Docket Sheet, Sixth Circuit Court of Appeals Docket # 01-2319.)

On October 2, 2002, Defendant Linda Lee Byrnes filed with the District Court a Motion allegedly brought pursuant to 18 U.S.C. § 3742(a) "appealing to the District Court requesting this Court to review and correct Petitioners sentence." (R.365, Defendant's Motion Pursuant to 18 U.S.C. § 3742(a).) On October 16, 2002, the District Court filed an Order denying the Defendant's Motion. (R.366, Order Denying Defendant's Motion Pursuant to 18 U.S.C. § 3742(a).) On October 30, 2002, Defendant Linda Lee Byrnes filed a Notice of Appeal of the denial of her 18 U.S.C. § 3742(a) Motion to correct sentence, Docket # 02-2294. (R.367, Notice of Appeal.) On October 31, 2003, the Sixth Circuit Court of Appeals issued an opinion upholding the ruling of the District Court finding that the District Court did not have statutory authority to review the Defendant's sentence. United States v. Linda Lee Byrnes, 79 Fed. Appx. 850, 2003 WL 22480991 (6th Cir. 2003) (Unpublished).

On May 6, 2004, Defendant Linda Lee Byrnes filed with the District Court a motion caption "Motion Under Rule 60(b)(1) and Sentencing Guideline § 5G1.3(b)." (R.376, Defendant's Motion Under Rule 60(b)(1) and Sentencing Guideline § 5G1.3(b).) On July 12, 2004, the District Court filed a Memorandum Opinion denying the Defendant's Motion given that Federal Rule of Civil Procedure 60(b)(1) is a civil rule of procedure not applicable to the Defendant's criminal case; even if Civil Rule 60(b)(1) were applicable, the motion was barred by the one year time limitation contained with the rule; and to the extent that the Defendant Motion could be construed as a petition pursuant to 28 U.S.C. § 2255, she was barred by the one year statute of limitations and she had failed to obtain certification from the Sixth Circuit Court of Appeals to file a second or successive petition pursuant to 28 U.S.C. § 2255. (R.380, Memorandum

6

Order.)  The Defendant appealed from the Memorandum Order, Docket # 04-1931. (R.381, Notice of Appeal.)  On August 13, 2004, the District Court filed an Amended Memorandum correcting an error in the original Memorandum Opinion setting forth the Defendant's previously imposed criminal sentence of imprisonment; the Amended Memorandum corrected an error of fact recited in the original Memorandum Opinion and did not affect or change in any way the ruling of the District Court.  (R.384, Amended Memorandum.)  On April 21, 2005, the Sixth Circuit Court of Appeals affirmed the rulings of the District Court.  (See Docket Sheet, Sixth Circuit Court of Appeals Docket # 04-1931.)

C.     Custody Status

Defendant Linda Lee Byrnes is currently in the custody of the Attorney General of the United States.  According to the Federal Bureau of Prisons, her anticipated release date is October 6, 2019.

D.     Current Motions to Modify Sentence

On December 28, 2009, Defendant Byrnes filed a Pro Se Motion to Reduce Sentence relative to her obstruction of justice case, Docket # 1:95-CR-57 (McKeague/Neff), seeking retroactive effect of USSG Amendment 599.  (R.202, Pro Se Motion.)  On January 20, 2010, the Court ordered the Government to respond to the defendant's motion.  (R.206, Order.)

On December 28, 2009, Defendant Byrnes also filed a Pro Se Motion to Reduce Sentence relative to her marijuana case, Docket # 1:95-CR-108 (Quist), seeking retroactive effect of USSG Amendment 599.  (R.390, Pro Se Motion.)  The Court has not yet ordered the Government to respond or otherwise disposed of the motion.

Defendant Byrnes has been in prison for more than 13 years.  Therefore, Defendant Byrnes has effectively served all of the sentences imposed upon her with the exception of the 262 month sentence for marijuana conspiracy which was ordered to be served consecutive to the sentences in the obstruction of justice case: total 71 months from obstruction case + 60 months for felon in possession = 131 months = 10.92 years; total 71 months from obstruction case + 262 months for marijuana conspiracy = 333 months = 27.75 years.  Defendant Byrnes is in prison serving her 262 month prison sentence for marijuana conspiracy.  Therefore, the Court should not entertain any request for modification of a sentence already served.

"Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule."  United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003).  Pursuant to 18 U.S.C. § 3582(c)(2), a court has the discretion to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission by amendment which has been given retroactive effect.  USSG Amendment 599 has been given retroactive effect.  USSG § 1B1.10.

"Amendment 599 provided for certain changes to the commentary for USSG § 2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a)."  United States v. Jackson, 108 Fed.Appx. 338, 340, 2004 WL 1888871 (6th Cir. 2004) (Unpublished).  Amendment 599 does not apply to USSG § 2D1.1(b)(1) enhancements for possession of a firearm or to felon in possession of a firearm offenses in violation of 18 U.S.C. § 922(g).

> Contrary to the argument presented in the motion, the presentence investigation report clearly states that the two-level enhancement was for possession of the firearm which was the basis of count four [felon in possession of a firearm, 18 U.S.C. § 922(g)], not the use of a destructive device in count two [18 U.S.C. § 924(c)]. Amendment 599 only applies to convictions under § 924(c), not § 922(g). Moreover, enhancement is proper for possession of another weapon of a different type than that charged in the § 924(c) violation. United States v. White, 222 F.3d 363, 374-75 (7th Cir. 2000). The record in this case also shows that the weapon enhancement was added pursuant to § 2D1.1(b)(1), while Amendment 599 applies to enhancements under § 2K2.4. Therefore, the Amendment on which Stotts relies is simply inapplicable to his case.
>
> This court has also held that no double jeopardy violation occurs when possession of a weapon is used as a basis for one offense and as a mandatory ground for enhancement in a separate offense. United States v. Taylor, 248 F.3d 506, 516-17 (6th Cir. 2001).

United States v. Stotts, 84 Fed.Appx. 607, 608, 2003 WL 23140051 (6th Cir. 2003) (Unpublished). See also, United States v. Little, 76 Fed.Appx. 671, 672, 2003 WL 22220519 (6th Cir. 2003) (Unpublished) ("Little now primarily argues that Amendment 599 applies to his case by virtue of his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g). However, the amended commentary is of no help to Little because § 2K2.4 only applies to sentences that were imposed for convictions under 18 U.S.C. §§ 844(h), 924(c), or 929(a)."); United States v. Meyers, 52 Fed. Appx. 674, 2002 WL 31770298 (6th Cir. 2002) (Unpublished) (same).

Defendant Byrnes was convicted of conspiracy to obstruct justice, obstruction of justice, and two counts of subornation of perjury in docket number 1:96-CR-57. Defendant Byrnes' guideline sentences were computed using USSG §§ 2X1.1, 2J1.2, 2J1.3, and 3B1.1(a), in docket number 1:96-CR-57. (See Presentence Report at ¶ 38-

9

59.) Defendant Linda Byrnes was not convicted of, or sentenced for, any violation of 18 U.S.C. §§ 844(h), 924(c), or 929(a) in docket number 1:96-CR-57, nor was she sentenced pursuant to USSG § 2K2.4. Therefore, Amendment 599 has no bearing upon Defendant Byrnes' sentence in docket # 1:96-CR-57 and the District Court is without subject matter jurisdiction to grant Defendant's motion for sentence modification based upon USSG § 599.

Defendant Byrnes was convicted of conspiracy to distribute marijuana and felon in possession of a firearm in docket number 1:95-CR-108. Defendant Byrnes' guideline sentences were computed using USSG §§ 2D1.1, 2D1.1(b)(2) ("Ms. Byrnes possessed numerous firearms several times throughout the conspiracy."), 3C1.1 ("during the course of the investigation the defendant obstructed justice by producing false documentation that she had transferred the title to her property to her sister."), 2K2.1, 2K2.1(b)(1)(E) (33 firearms), 2K2.1(b)(4) (stolen firearm), and 2X1.1(a), in docket number 1:95-CR-108. (See Presentence Report at ¶ 62-81[1].) Defendant Linda Byrnes was not convicted of, or sentenced for, any violation of 18 U.S.C. §§ 844(h), 924(c), or 929(a) in docket number 1:95-CR-108, nor was she sentenced pursuant to USSG § 2K2.4. Therefore, Amendment 599 has no bearing upon Defendant Byrnes' sentence in

---

[1] The Presentence Report sets Defendant Byrnes' total adjusted offense level at 40, which at criminal history category II resulted in a sentencing range of 324-405 months. However, counsel for the Government recalls that, at Defendant Byrnes' sentencing hearing, the Court lowered the base offense level under USSG § 2D1.1 from 32 (over 1,000 kilograms) to 30 (under 1,000 kilograms) which when carried through the remainder of the guideline computation resulted in a total adjusted offense level 38, at criminal history category II, and a sentencing range of 262-327 months.

docket # 1:95-CR-108 and the District Court is without subject matter jurisdiction to grant Defendant's motion for sentence modification based upon USSG § 599.

WHEREFORE, the Government respectfully requests that Defendant Linda Lee Byrnes' motions for sentence modification pursuant to USSG Amendment 599 be denied in docket number 1:96-CR-57 and in docket number 1:95-CR-108.

                                                  Respectfully submitted,

                                                  DONALD A. DAVIS
                                                  United States Attorney

Dated: January 29, 2010                    /s/ B. René Shekmer
                                                  B. RENÉ SHEKMER
                                                  Assistant United States Attorney
                                                  P.O. Box 208
                                                  330 Ionia Avenue, N.W.
                                                  Grand Rapids, Michigan 49501-0208
                                                  (616) 456-2404

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 29, 2010, she caused to be mailed, postage prepaid, via first-class mail a copy of the GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUESTS FOR SENTENCE MODIFICATION PURSUANT TO USSG AMENDMENT 599 to the following:

Linda Lee Byrnes
# 68415-079
Federal Correctional Institution-Danbury
Pembroke Station
Route 37
Danbury, CT 06811-3099

                                                  /s/ B. René Shekmer
                                                  B. RENÉ SHEKMER
                                                  Assistant United States Attorney